UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDWARD MARTELL,

    Plaintiff,

-vs-

HOLCIM (US) INC.
a foreign profit corporation,

    Defendant.

Case No. 21-cv-

Hon.
Mag.

---

Barry S. Fagan (P34275)
Ryan O. Rosenberg (P84530)
FAGAN MCMANUS, P.C.
Attorneys for Plaintiff
25892 Woodward Avenue
Royal Oak, MI  48067-0910
(248) 542-6300
bfagan@faganlawpc.com
rrosenberg@faganlawpc.com

---

## COMPLAINT AND JURY DEMAND

There is no other pending or resolved civil action
arising out of the transaction or occurrence
alleged in the Complaint.

NOW COMES Plaintiff, EDWARD MARTELL, by and through his attorneys, FAGAN MCMANUS, P.C., and for his cause of action against the Defendant states as follows:

### JURISDICTIONAL ALLEGATIONS

1.    Plaintiff, EDWARD MARTELL, is an individual residing in the

City of Monroe, County of Monroe, State of Michigan.

2. Defendant, HOLCIM (US) INC., is a Foreign Profit Corporation and, at all times pertinent hereto, did conduct business in the City of Dundee, County of Monroe, State of Michigan.

3. This Court has jurisdiction pursuant to 28 U.S.C. §1331 (federal question), 28 U.S.C. §1332 (diversity of citizenship) and 28 U.S.C. §1367 (supplemental).

4. The amount in controversy is in excess of $75,000.00, exclusive of interest, costs and attorneys' fees.

## GENERAL ALLEGATIONS

5. Plaintiff date of birth is October 16, 1956.

6. Plaintiff commenced his employment with Defendant in January 2009.

7. Plaintiff initially worked for Defendant as a Commodity Manager and had the primary responsibility to develop and implement strategy for purchasing electricity and natural gas in Canada and the United States.

8. In the position, Plaintiff reported to Alt Martinez ("Martinez").

9. Plaintiff became a Regional Category Manager effective June 15, 2018 and continued to report to Martinez, who then held the title of Vice President of Procurement.

10. In the position of Regional Category Manager, Plaintiff had the same primary job responsibilities.

11. During his employment, Plaintiff consistently received good performance reviews from Martinez, which included feedback on his 2017 review, that "Ed as always delivers on his goals every year" and on his 2018 review, that "Ed consistently performs and is a recognized expert in the Company."

12. Plaintiff was also responsible for the implementation of projects that resulted in significant savings and positive media for Defendant.

13. On May 10, 2019 Plaintiff was called to a meeting and was informed that he should start transitioning his natural gas procurement duties to a significantly younger Regional Category Manager, Chris Dueweke. No warning or explanation was given for the removal of his duties and Plaintiff did not request less work.

14. At the end of 2019, for the first time, Plaintiff was given a less than satisfactory review by Martinez. Martinez told Plaintiff that he "had to ding" Plaintiff based upon an alleged complaint from another significantly younger Regional Category Manager, Wendy Payne ("Payne"). During the review, Martinez asked Plaintiff what his retirement plans were, as he had

done for the last several reviews. Plaintiff responded to the review indicating that "I strongly disagree".

15. On September 11, 2020 Plaintiff was informed that he was being placed on a Performance Improvement Plan ("PIP"). Plaintiff was also informed that he would be reporting to Payne during the PIP and that she would be "supporting" and monitoring his performance on the PIP.

16. On September 21, 2020 Plaintiff sent an email to Martinez and Human Resources Manager, Kristie Kraftchick, expressing his strong disagreement with the PIP, that he could not sign it, and that it was his belief that the removal of his duties on May 10, 2019, the less than satisfactory 2019 performance review, and the PIP were all part of a process to "push me out of the organization" and were designed to "lead to my exit from the company".

17. In response, Plaintiff was told that he was required to sign the PIP, and that he could not indicate on the document that he disagreed with it or it would be treated as a resignation. Plaintiff then signed the PIP under protest.

18. On October 7, 2020 Martinez sent an email to 75 employees of Defendant and "Aggregate US" announcing that Payne had taken over Plaintiff's duties overseeing the electricity and natural gas sectors and

describing Payne's and Plaintiff's new duties. The email also indicated that "Ed Martell reports to Wendy."  Plaintiff was intentionally omitted from the email.

19. On October 11, 2020 a letter was sent to Martinez on behalf of Plaintiff alleging that Plaintiff was being discriminated against based upon his age and describing in detail his opposition to the discriminatory conduct.

20. On December 3, 2020 Plaintiff was informed that his employment with Defendant was being terminated.

21. Plaintiff's remaining job responsibilities were replaced by Payne.

22. On January 5, 2021 Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging age discrimination and retaliation in violation of the Age Discrimination in Employment Act of 1967, as amended.

23. This Court has jurisdiction over this matter as more than 60 days have elapsed since Plaintiff filed his Charge of Discrimination with the EEOC.

## COUNT I
## VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT

24. Plaintiff incorporates paragraphs 1 through 23 above as if

specifically repeated herein.

25. At all times pertinent hereto Plaintiff was qualified for protection against age discrimination under the Age Discrimination in Employment Act of 1967, as amended (hereinafter referred to as the "ADEA").

26. Pursuant to the ADEA, specifically 29 U.S.C. § 623(a), it shall be unlawful for an employer:

    a. To fail or refuse to hire or to discharge any individual or otherwise discriminate against an individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age.

27. Defendant is an employer within the meaning of the ADEA.

28. Defendant discriminated against Plaintiff because of his age and violated the ADEA in the following particulars:

    a. Removing some of Plaintiff's job responsibilities and giving them to a significantly younger and less experienced employee;

    b. Giving Plaintiff an unfair and inaccurate performance review for 2019;

    c. Repeatedly asking Plaintiff about his retirement plans;

    d. Unfairly placing Plaintiff on a PIP on September 11, 2019 and having him report to a significantly younger co-worker who was supposed to "support" and monitor his performance on the PIP;

    e. Removing additional job responsibilities from Plaintiff while he was on the PIP and giving them to the younger

    co-worker that he was reporting to.

  f. Subjecting Plaintiff to a hostile work environment;

  g. Terminating Plaintiff's employment;

  h. Replacing Plaintiff with a significantly younger employee;

  i. Other acts of age discrimination to be determined through discovery.

29. Pursuant to the ADEA, specifically, 29 U.S.C. § 623(d), it shall be unlawful to discriminate against an employee for opposing a violation of the ADEA.

30. Defendant discriminated and retaliated against Plaintiff for submitting a complaint of age discrimination in the letter to Martinez dated October 21, 2020, by terminating Plaintiff's employment on December 3, 2020.

31. As a direct and proximate result of Defendant's discriminatory and retaliatory conduct toward Plaintiff, Plaintiff has suffered and will in the future suffer damages including, but not limited to:

  a. Loss of wages and earning potential;

  b. Loss of employee benefits;

  c. Loss of promotional opportunities;

  d. Other damages to be determined.

32. The above-referenced discriminatory conduct by Defendant toward Plaintiff was willful and, as a result, Plaintiff is entitled to liquidated damages pursuant to 29 U.S.C. § 626(b).

33. Plaintiff is also seeking equitable relief, including back-pay, front-pay, and other equitable relief the Court deems appropriate.

WHEREFORE, Plaintiff prays this Honorable Court enter Judgment against Defendant, in whatever amount the Court or jury determines to be fair, just, and adequate compensation for the injuries and damages sustained, past and future, together with interest, costs, an award of attorneys' fees, and an award of liquidated damages. Plaintiff also seeks equitable relief including back-pay, front-pay, or other equitable relief the Court deems appropriate.

## COUNT II
## VIOLATION OF THE ELLIOTT-LARSEN CIVIL RIGHTS ACT

34. Plaintiff incorporates paragraphs 1 through 33 above as if specifically repeated herein.

35. Defendant is an employer within the meaning of the Elliott-Larsen Civil Rights Act (hereinafter referred to as the "ELCRA").

36. The ELCRA prohibits, among other things, discrimination based upon age.

37. Notwithstanding the duties owed to Plaintiff pursuant to the ELCRA, Defendant discriminated against Plaintiff, subjected Plaintiff to a hostile work environment, and took adverse action toward him because of his age including, but not limited to:

   a. Removing some of Plaintiff's job responsibilities and giving them to a significantly younger and less experienced employee;

   b. Giving Plaintiff an unfair and inaccurate performance review for 2019;

   c. Repeatedly asking Plaintiff about his retirement plans;

   d. Unfairly placing Plaintiff on a PIP on September 11, 2019 and having him report to a significantly younger co-worker who was supposed to "support" and monitor his performance on the PIP;

   e. Removing additional job responsibilities from Plaintiff while he was on the PIP and giving them to the younger co-worker that he was reporting to.

   f. Subjecting Plaintiff to a hostile work environment;

   g. Terminating Plaintiff's employment;

   h. Replacing Plaintiff with a significantly younger employee;

   i. Other acts of age discrimination to be determined through discovery.

9

38. Pursuant to M.C.L. § 37.2701(a), it is a violation of ELCRA to retaliate or discriminate against an employee because the employee has opposed age discrimination in the workplace.

39. Defendant discriminated and retaliated against Plaintiff for submitting a complaint of age discrimination in the letter to Martinez dated October 21, 2020, by terminating Plaintiff's employment on December 3, 2020.

40. As a direct and proximate result of Defendant's discriminatory and retaliatory conduct toward Plaintiff, Plaintiff has suffered and will in the future suffer damages including, but not limited to:

   a. Loss of wages and earning potential;

   b. Loss of employee benefits;

   c. Loss of promotional opportunities;

   d. Loss of professional esteem and consequent damage to Plaintiff's professional career;

   e. Extreme embarrassment, humiliation, inconvenience, mental anguish, indignity, outrage and disappointment;

   f. Exemplary damages;

   g. Other damages to be determined.

41. Plaintiff also seeks equitable relief, including back-pay, front-pay, and other equitable relief the Court deems appropriate.

WHEREFORE, Plaintiff prays for Judgment against Defendant, in whatever amount the Court or jury determines to be fair, just, and adequate compensation for the injuries and damages sustained, together with interest, costs, and attorneys' fees.  Plaintiff also seeks equitable relief including back-pay, front-pay, or other equitable relief the Court deems appropriate.

                                  Respectfully submitted,

                                  FAGAN MCMANUS, P.C.

                                  By: /s/ *Barry S. Fagan*
                                      Barry S. Fagan  (P34275)
                                      Attorney for Plaintiff
                                      25892 Woodward Avenue
                                      Royal Oak, MI  48067-0910
                                      (248) 542-6300
Dated:  April 28, 2021                bfagan@faganlawpc.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDWARD MARTELL,

    Plaintiff,

-vs-

HOLCIM (US) INC.
a foreign profit corporation,

    Defendant.

Case No. 21-cv-

Hon.
Mag.

---

Barry S. Fagan  (P34275)
Ryan O. Rosenberg (P84530)
FAGAN MCMANUS, P.C.
Attorneys for Plaintiff
25892 Woodward Avenue
Royal Oak, MI  48067-0910
(248) 542-6300
bfagan@faganlawpc.com

---

## **PLAINTIFF'S DEMAND FOR JURY TRIAL**

NOW COME the above-named Plaintiff, by and through his attorneys, FAGAN MCMANUS, P.C., and hereby demands trial by jury in the above matter.

                          FAGAN MCMANUS, P.C.

                          By: /s/ *Barry S. Fagan*
                              Barry S. Fagan  (P34275)
                              Attorney for Plaintiff
                              25892 Woodward Avenue
                              Royal Oak, MI  48067-0910
                              (248) 542-6300

Dated:  April 28, 2021               bfagan@faganlawpc.com